UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEROY COLEMAN, JR., | ) |
| Petitioner, | ) |
| v. | ) Case No. 4:22-CV-814-RHH |
| MICHELE BUCKNER, | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Petition of Leroy Coleman, Jr. ("Petitioner") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) The State has filed a response. (ECF No. 13.) The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (ECF No. 16.) For the reasons that follow, the petition will be denied.

**I.   FACTUAL BACKGROUND**

Petitioner is incarcerated within the Missouri Department of Corrections. The following evidence, in the light most favorable to the verdict, was presented at trial.[1]

On February 20, 2016, a black Mercedes was forcibly stolen at gunpoint from a gas station in Sauget, Illinois. Surveillance footage captured the incident. The four men involved were Coleman, Jerrod Corley, Tony Bailey, and John Stith. Stith attempted to drive the vehicle but could not shift the car into gear due to the unique shift mechanism on the vehicle. Corley switched places with Stith and drove the vehicle from the scene.

---

[1] These facts are taken from the Missouri Court of Appeals' decision in Petitioner's direct appeal. (Resp't Ex. D.) A state court's determination of a factual issue shall be presumed to be correct. 28 U.S.C. § 2254(e)(1).

Corley drove the men to a bar in St. Louis County where they saw Cornelius Stallings, his girlfriend and two other individuals. Coleman believed Stallings was involved in the death of his cousin. Stallings and his companions left in his Jeep. He was driving, his girlfriend was sitting in the front passenger seat, and the other individuals were in the back. Coleman and his companions also left with Corley driving the Mercedes. Coleman saw Stallings' Jeep on Interstate 270. Corley drove the Mercedes next to the Jeep and the passengers in the Mercedes began shooting into the Jeep. Stallings' girlfriend was killed as a result of the shooting. The individuals in the back each suffered gunshot wounds.

Coleman and Corley were tried together. A jury convicted Coleman of one count of first-degree murder, three counts of first-degree assault, one count of unlawful use of a weapon, and five attendant counts of armed criminal action. He was sentenced to life imprisonment for first-degree murder and consecutive terms of twenty and fifteen years for the various remaining counts.

Petitioner raised one point on direct appeal of the judgment, arguing the trial court abused its discretion in admitting surveillance video of an unrelated carjacking in Illinois and the related testimony concerning his participation in the uncharged crime. (Resp't Ex. B.) On April 30, 2019, the appellate court affirmed the convictions and sentence, and on September 5, 2019, the mandate was issued. (Resp't Ex. D.)

Petitioner filed a premature *pro se* Rule 29.15 motion on April 12, 2018, while his direct appeal was still pending. On September 5, 2019, Petitioner filed a second *pro se* Rule 29.15 motion, which was consolidated with the original motion. Petitioner was appointed counsel, and on February 14, 2020, counsel filed an amended motion Rule 29.15 motion, raising 9 points. (Resp't Ex. L.) The motion court held a hearing on a motion for determination of abandonment by appointed post-conviction counsel. (Resp't Ex. F, p. 177.) The motion court found Petitioner was

abandoned by appointed counsel due to the untimely filing of his amended motion, and the motion court permitted the untimely filing and considered the merits of the premature *pro se* motion, the second *pro se* motion, and counsel's amended motion. (Resp't Ex. M.)

Petitioner then raised three points on post-conviction appeal, arguing his third, seventh, and eighth grounds from his amended motion. (Resp't Exs. G, L.) After finding these claims without merit, the Missouri Court of Appeals affirmed the decision of the motion court on February 15, 2022. (Resp't Ex. I, at 11.) On March 10, 2022, the mandate was issued. (*Id.* at 13.)

On August 4, 2022, the instant § 2254 federal habeas Petition was filed by Petitioner.

## II.  DISCUSSION

### A.  Standard for Reviewing Habeas Corpus Claims on the Merits

"[H]abeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011) (citation and quotation marks omitted). This Court's review of the petition for habeas corpus is limited by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254. *Id.* at 97. AEDPA "bars relitigation [in federal court] of any claim adjudicated on the merits in state court, subject only to the exceptions in §§ 2254(d)(1) and (2)." *Harrington*, 562 U.S. at 98. Accordingly, a state habeas petitioner is not entitled to relief unless the state court proceedings:

> (1) resulted in a decision that is contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The federal law must be clearly established at the time petitioner's state conviction became final, and the source of doctrine for such law is limited to the United States

3

Supreme Court. *Id.* at 380–83. "A state court's decision is 'contrary to' clearly established Supreme Court precedent when it is opposite to the Supreme Court's conclusion on a question of law or different than the Supreme Court's conclusion on a set of materially indistinguishable facts." *Carter v. Kemna*, 255 F.3d 589, 591 (8th Cir. 2001) (citing *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)). "A federal court may grant relief under the 'unreasonable application' clause if the state court correctly identified the governing legal principle, but unreasonably applied it to the facts of the particular case." *Jackson v. Norris*, 651 F.3d 923, 925 (8th Cir. 2011) (citing *Bell v. Cone*, 535 U.S. 685, 694 (2002)). "A state court's application of clearly established federal law must be objectively unreasonable, and not merely incorrect, to warrant the granting of a writ of habeas corpus." *Jackson*, 651 F.3d at 925 (citing *Bell*, 535 U.S. at 694).

Finally, when reviewing whether a state court decision involves an "unreasonable determination of the facts" in light of the evidence presented in the state court proceedings, state court findings of basic, primary, or historical facts are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Collier v. Norris*, 485 F.3d 415, 423 (8th Cir. 2007). "[E]ven erroneous fact-finding by the [state] courts will not justify granting a writ if those courts erred 'reasonably.'" *Weaver v. Bowersox*, 241 F.3d 1024, 1030 (8th Cir. 2001).

The federal court is "bound by the AEDPA to exercise only limited and deferential review of underlying State court decisions." *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003). To obtain habeas relief from a federal court, the petitioner must show that the challenged state court ruling "rested on an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Metrish v. Lancaster*, 569 U.S. 351, 358 (2013) (cleaned up). This standard is difficult to meet. *Id.* at 357-58.

4

### B. Petitioner's Claims in the Petition for Habeas Relief

A properly filed petition for relief under § 2254 must, among other things, "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (citing 28 U.S.C. § 2254 Rule 2(c)). The Eighth Circuit has held that to comply with Rule 2(c) of the Rules Governing Habeas Corpus Cases Under Section 2254, a petitioner "must state specific, particularized facts which entitle him or her to habeas corpus relief for each ground specified. These facts must consist of sufficient detail to enable the court to determine, from the face of the petition alone, whether the petition merits further habeas corpus review." *Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990). A petitioner's "general reference to the transcripts, case records, and briefs on appeal patently fails to comply with Rule 2(c)." *Id.* at 333. However, a "petition filed by a *pro se* petitioner should be interpreted liberally and...should be construed to encompass any allegation stating federal relief." *Harris v. Wallace*, 984 F.3d 641, 647 (8th Cir. 2021) (internal quotation marks and citations omitted); *see also Thompson v. Mo. Bd. of Parole*, 929 F.2d 396, 399 (8th Cir. 1991) (giving liberal construction to *pro se* habeas petition to find the petitioner adequately pleaded claims for relief).

Here, Petitioner utilized the Court's form habeas petition to bring his claims. (ECF No. 1.) In the Petition, he identifies two grounds for relief. Ground One is titled "Preliminary Hearing" and contains the supporting fact "Did not give me my indictment paperwork so don't kno[w] if the Judge rule[d] on it." (*Id.* at 4.) Ground Two is titled "Ineffective Assistance of Counsel" and contains the supporting fact: "Did not ask for a mistrial when jur[or] #10 tried to walk out of the courtroom." (*Id.* at 6.) The spaces allotted for possible Ground Three and/or Ground Four are left blank. (*Id.* at 7, 9.)

5

Petitioner attaches several documents to his petition: several pages of handwritten narrative (ECF Nos. 1-1, 1-4); Petitioner's second *pro se* Rule 29.15 motion filed with the motion court in September 2019 (ECF No. 1-2); and an undated letter to the Court suggesting he has new claims, but not specifically identifying them (ECF No. 1-3). The handwritten pages appear to be a copy of attachments to Petitioner's second *pro se* Rule 29.15 motion, although they are not in the same order as they were organized in the *pro se* Rule 19.15 motion. (*Compare, e.g.,* ECF No. 1-1, pp. 1, 2, 3, 4, *with* ECF No. 13-6, Resp't Ex. F, pp. 53, 66, 67, 65, respectively.) These attachments raise issues relevant to points raised in Petitioner's *pro se* Rule 29.15 motion—issues which were addressed by the motion court in its ruling on the merits. (*See* Resp't Ex. M.) To the extent the pages are relevant to the two grounds for relief specifically identified by Petitioner, the Court has considered Petitioner's attachments. However, to the extent the attachments are an attempt to assert additional grounds for relief, beyond Grounds One and Two, the Court finds that these grounds fail to comply with the specificity requirements of § 2254.[2]

Respondent interpreted Petitioner's petition as raising the two grounds for habeas relief identified above, and the Court agrees. The Court will accordingly focus its discussions on Ground One and Ground Two.

### C.  Petitioner's Claims are Procedurally Defaulted

As stated above, Ground One of the petition is titled "Preliminary Hearing" and contains the supporting fact "Did not give me my indictment paperwork so don't kno[w] if the Judge rule[d] on it." (ECF No. 1 at 4.) Ground Two of his petition alleges he received ineffective assistance of

---

[2] The Court also expects that these claims would be procedurally defaulted. To the extent that Petitioner did not preserve these claims under Missouri law—and Petitioner does not attempt to make any showing of cause and prejudice, nor does he argue that the fundamental miscarriage of justice exception applies—the Court may not grant relief on these claims.

6

trial counsel because counsel "did not ask for a mistrial when jur[or] #10 tried to walk out of the courtroom." (*Id.* at 6.)

A review of the record reveals that Petitioner raised Ground One in his second *pro se* Rule 29.15 motion when he argued his counsel failed to challenge (1) "the State's intentional failure to afford me a preliminary hearing" and (2) "the State's own probable cause finding within indictment." (ECF No. 1-2, p. 2; Resp't Ex. K, p. 2.) Similarly, in his amended motion, his post-conviction counsel raised claims of ineffective assistance of appellate counsel for failure to assert claim of error for denial of preliminary hearing and ineffective assistance of trial counsel for failure to raise defense and objection to defect in institution of prosecution/ineffective assistance of appellate counsel for failure to assert claim of plain error for defect in institution of prosecution. (Resp't Ex. L, pp. 5-17.) However, Petitioner failed to pursue the aforementioned claims related to denial of a preliminary hearing and lack of probable cause in his appeal of the denial of his *pro se* and amended Rule 29.15 motions. (*See* Resp't Exs. G, I.)

As to Ground Two, Petitioner attempted to raise a claim of trial court error, not ineffective assistance of counsel, related to the juror who "cannot say her vote over five minutes" in his premature *pro se* Rule 29.15 motion. (Resp't Ex. F, p. 225; Resp't Ex. K, p. 4.) Then, his amended Rule 29.15 motion raises ineffective assistance of trial and appellate counsel for failure to object to or assert a claim regarding lack of a unanimous verdict. (Resp't Ex. L, pp. 51-58.) However, Petitioner also failed to pursue this claim in his appeal of the denial of his post-conviction motion. (*See* Resp't Exs. G, I.)

A claim must be presented at each step of the judicial process in state court to avoid procedural default. *Jolly v. Gammon,* 28 F.3d 51, 53 (8th Cir. 1994), citing *Benson v. State,* 611 S.W.2d 538, 541 (Mo. App.1980). Because Petitioner has failed to properly raise Grounds One

7

and Two in his state court proceedings before the Missouri Court of Appeals, the claims are defaulted and he is procedurally barred from pursuing them here. *Coleman v. Thompson,* 501 U.S. 722, 731-32, 111 S.Ct. 2546, 2555, 115 L.Ed.2d 640 (1991); *Forest v. Delo,* 52 F.3d 716, 719 (8th Cir. 1995); *Keithley v. Hopkins,* 43 F.3d 1216, 1217 (8th Cir.), *cert. denied,* 515 U.S. 1163 (1995). This Court therefore cannot reach the merits of the claims absent a showing of cause and prejudice, or a demonstration, "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman,* 501 U.S. at 750. Petitioner has not shown cause for his failure to raise the claims in state court. *See Skillicorn v. Luebbers*, 475 F.3d 965, 976-77 (8th Cir. 2006) ("Unless a habeas petitioner shows cause and prejudice or that he is actually innocent of the charges, a court may not reach the merits of procedurally defaulted claims in which the petitioner failed to follow applicable state procedural rules in raising the claims.").

The Supreme Court in *Martinez* announced a narrow equitable rule for § 2254 petitions brought by prisoners in states like Missouri that require prisoners to raise ineffective-assistance-of-trial-counsel claims in collateral proceedings. In *Martinez*, the Supreme Court held that such a prisoner may establish cause for the procedural default of an ineffective-assistance-of-trial-counsel claim in two circumstances: (1) "where the state courts did not appoint counsel in the initial-review collateral proceeding," and (2) "where appointed counsel in the initial-review collateral proceeding...was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984)." *Martinez v. Ryan*, 566 U.S.1, 14 (2012). "To overcome the procedural default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that...the claim has some merit." *Id.* A claim is "insubstantial" if "it does not have any merit or ... is wholly without factual support." *Id.* at 14-16; *Kemp v. Kelley*, 924 F.3d 489, 499 (8th Cir. 2019); Dorsey v. Steele, No. 4:15-08000-CV-RK, 2019 WL 4740518,

8

at *2 (W.D. Mo. Sept. 27, 2019), *aff'd sub nom. Dorsey v. Vandergriff*, 30 F.4th 752 (8th Cir. 2022).

Here, the equitable rule announced in *Martinez* does not apply because the failure to raise Grounds One and Two was not the result of lack of appointed counsel or ineffective assistance of counsel.

The failure of appointed counsel to raise Ground One in all state court proceedings is not a basis for procedural default because "[e]ven if petitioner was denied a preliminary hearing, his claim is not cognizable in a petition for writ of habeas corpus, as '[t]here is no constitutional right to a preliminary hearing.'" *See Reid v. Anders*, No. 4:23-CV-1085 RLW, 2023 WL 8369929, at *3 (E.D. Mo. Dec. 4, 2023) quoting *United States v. Neff*, 525 F.2d 361, 346 (8th Cir. 1975). *See also Collins v. Swenson*, 443 F.2d 329, 331 (8th Cir. 1971) (explaining that Missouri state prisoner's habeas claim he had been denied a preliminary hearing failed because it did not constitute the denial of a federal constitutional right); *Barber v. State of Arkansas*, 429 F.2d 20, 22 (8th Cir. 1970) (collecting cases for proposition that a defendant is not entitled to a preliminary hearing as a matter of constitutional right); *Sanfillipo v. Purkett*, No. 405CV551RWSMLM, 2005 WL 3074147, at *12 (E.D. Mo. Nov. 16, 2005) ("to the extent that Petitioner's Ground 1 alleges that he was denied the right to a preliminary hearing, the court finds that Petitioner's Ground 1 does not allege a violation of Petitioner's constitutional rights and that, therefore, this aspect of Ground 1 is not cognizable pursuant to § 2254."). Therefore, lack of a preliminary hearing is not a viable claim of trial court error, and Petitioner cannot establish prejudice due to any lack of objection of trial counsel or due to appellate counsel's failure to make a plain error claim based on the lack of preliminary hearing. *See Jones v. Brewer*, No. 4:20CV692 RHH, 2023 WL 3477940, at *2 (E.D. Mo. May 16, 2023) ("The proper standard for evaluating a claim of ineffective

9

assistance of appellate counsel is that set forth in *Strickland*" and "if an issue an appellate attorney failed to raise on appeal is not meritorious, then appellate counsel cannot be considered ineffective for having failed to argue that issue on appeal.") (internal quotations omitted).

Moreover, to the extent Ground One arises from a claim of error based on the probable cause finding within the grand jury indictment rather than the lack of a preliminary hearing, such a claim is equally unavailing. The Supreme Court has held that "an indictment, 'fair upon its face,' and returned by a 'properly constituted grand jury,' conclusively determines the existence of probable cause." *Gerstein v. Pugh*, 420 U.S. 103, 117 n. 19 (1975) (quoting *Ex parte United States*, 287 U.S. 241, 250 (1932)). Additionally, a jury's guilty verdict on charged offenses "demonstrates *a fortiori* that there was probable cause to charge the defendants with the offenses for which they were convicted." *United States v. Mechanik*, 475 U.S. 66, 67, 70 (1986) (finding a violation of Federal Rule of Criminal Procedure 6(d)—which "protects against the danger that a defendant will be required to defend against a charge for which there is no probable cause to believe him guilty"— was harmless error not requiring reversal of the conviction). Even if Petitioner raised a cognizable habeas claim and that claim was not procedurally defaulted, it would be rendered moot due to the subsequent jury verdict. *See Ivory v. Cassady*, No. 4:14 CV 2093 RWS, 2018 WL 1792209, at *22 (E.D. Mo. Apr. 16, 2018) (habeas petitioner's challenge to probable cause statement "is either (1) not cognizable in this habeas proceeding to the extent it challenges the state trial court's jurisdiction based on state law or (2) moot due to the subsequent indictment and verdict regarding the same offense.").

The failure of appointed counsel to raise Ground Two before the Missouri Court of Appeals also cannot constitute cause to excuse procedural default. Ground Two contends Petitioner received ineffective assistance due to his trial counsel's failure to move for a mistrial when Juror

10

Number 10 attempted to leave the courtroom. However, Petitioner's claim is based on a flawed premise because trial counsel did move for a mistrial. The trial transcript reflects that after the jury was polled and Juror Number 10 attempted to leave the courtroom before confirming the verdict was her verdict, counsel for Petitioner and counsel for Petitioner's co-defendant both made a record regarding Juror Number 10's delay in responding to the question, and both attorneys moved for a mistrial. (Resp't Ex. E, pp. 1038-1042.) Petitioner's trial counsel also raised the juror's delay in his motion for judgment of acquittal notwithstanding the verdict or motion for new trial, and the trial judge rejected the claim. (Resp't Ex. A, p. 378, 379.) Indeed, the record reflects that trial counsel moved for a mistrial, and therefore, Petitioner cannot now raise a claim that counsel failed to move for mistrial.

For these reasons, Grounds One and Two are procedurally defaulted.

### III. CONCLUSION

Based on the foregoing, the Court finds that Petitioner's request for relief pursuant to 28 U.S.C. § 2254 should be denied. Because Petitioner has made no showing of a denial of a constitutional right, the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DENIED.**

**IT IS FURTHER ORDERED** that a separate judgment will be entered this same date.

**IT IS FURTHER ORDERED** that, for the reasons stated herein, any motion for a Certificate of Appealability will be **DENIED**.

Dated this 14th day of July, 2025.

                                                                             _____
                                                                             RODNEY H. HOLMES
                                                                             UNITED STATES MAGISTRATE JUDGE